UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LLOYD WILLIAMSON, JR.** | * | **CIVIL ACTION NO. 09-1255** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WATCO COMPANIES, INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

### ORDER

Before the court is a motion to compel discovery responses [doc. # 23] filed by defendant, Watco Companies, Inc. ("Watco Companies"). The motion is opposed. For reasons stated below, the motion to compel [doc. # 23] is **DENIED**.[1]

### Background

Plaintiff Lloyd Williamson (hereinafter "Williamson") filed a complaint on July 28, 2009, against Watco Companies, alleging discrimination on the basis of race in violation of 42 U.S.C. § 2000-2(1) (1) and 42 U.S.C. § 1981, and retaliation in violation of 42 U.S.C. § 2000-e-3(a) and 42 U.S.C. § 1981. Plaintiff alleges that he was wrongfully terminated from his employment as a railroad conductor after complaining of the discriminatory conduct of his supervisor. *See* Complaint [doc. # 1].

On February 1, 2010, plaintiff Williamson served defendant Watco Companies with Interrogatories (Set One) and Request for Production of Documents (Set One). [Doc. # 16.]

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

Watco Companies provided responses to both sets of discovery on March 25, 2010. [Doc. #34, Ex B, C.] Plaintiff thereafter propounded a second set of both Interrogatories and Requests for Production of Documents on June 1, 2010. [Doc. #16.] At this juncture, plaintiff's interrogatories exceeded the number permitted by Federal Rule of Civil Procedure 33(a)(1) and Local Rule 33.1E. Plaintiff did not seek leave of court to serve interrogatories exceeding the allowable numbers. Fed. R. Civ. P. 33(a)(1), Local Rule 33.1W. Nevertheless, Watco Companies provided responses to both sets on July 9, 2010. [Doc. #34, Ex. D, E.] Additionally, Watco Companies provided supplemental responses to Interrogatories (Set Two) and Request for Production of Documents (Set Two) on July 23 and July 29, 2010, respectively. [Doc. # 34, Ex. F, G, H.]

 Plaintiff represents that each set of discovery responses provided by Watco Companies is incomplete, in that the responses consist of "objections and other non-responsive answers." [Doc. # 16.] However, plaintiff has not complied with Federal Rule of Civil Procedure 37(a)(1) or Local Rule 37.1W, which provide that a motion to compel must include a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Plaintiff's motion alleges that he "spoke to" defense counsel the date this motion was filed, and that "no further responses have been forthcoming." [Doc. #16, ¶ 6.] Plaintiff sent a letter the same date (August 2, 2010), requesting further guidance "as to the specific discovery requests" defendant contended to be not fully answered. [Doc. # 16, Ex. A.] Plaintiff filed the underlying motion in lieu of responding to the letter.

 Indeed, plaintiff's memorandum in support of the underlying motion–at less than half a page–provides no details regarding the exact interrogatory and production responses he believes to be "without merit." [Doc. # 16.] A generalized objection to a party's discovery responses,

without clarity as to the specific requests and interrogatories allegedly not fully answered, does not constitute a good faith discussion, or an attempt to amicably resolve discovery issues. Fed. R. Civ. P. 37(a)(1), Local Rule 37.1E.

## Conclusion

For the reasons set forth above, the motion to compel discovery responses [doc. # 16] filed by Lloyd Williamson is hereby **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of September 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE