# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| LLOYD WILLIAMSON, JR. | CIVIL ACTION NO. 09-1255 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WATCO COMPANIES, INC. | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is Defendant Watco Companies, Inc.'s ("Watco") Motion for Reconsideration [Doc. No. 64].

On August 16, 2010, Watco filed a Motion for Summary Judgment [Doc. No. 32], asserting that Plaintiff LLoyd Williamson, Jr.'s ("Williamson") race discrimination and retaliation claims should be dismissed and, in the alternative, that Williamson should be barred from recovering economic damages.

On October 13, 2010, the Court issued a Ruling and Order [Doc. Nos. 54 & 55], denying Watco's motion and holding that there were genuine issues of material fact for trial, including whether Watco's stated reason for firing Williamson is false.

On October 26, 2010, Watco filed a Motion for Reconsideration. Watco argues that the Court should vacate its Ruling and Order and grant summary judgment in its favor because there is no genuine issue of material fact whether Watco's alleged reason for firing Williamson is false. Watco argues that the Court's Ruling was based on a "manifest error of fact," that "[D]efendant has never denied Plaintiff was not present [at the work site]," and that "Defendant consistently has

contended it does not believe Plaintiff performed any work . . . supporting Defendant's belief that Plaintiff did not work the six hours he claimed"  [Doc. No. 64-1, pp. 1-3].

A motion for reconsideration is made pursuant to Federal Rule of Civil Procedure Rule 59(e). *See* FED. R. CIV. P. 59(e); *see also Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996). "Such motions serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations and citations omitted).

Watco's arguments are a rehashing of those made in its Motion for Summary Judgment and the evidence and testimony Watco now submits does not change the Court's holding.

The Court notes that the fact that Defendant believed Williamson was present at the work site is not inconsistent with the Court's Ruling.  The Court based its holding, in part, on the fact that there was evidence that Williamson was physically present at the work site.  Such evidence is probative of whether Williamson performed work while there.  Of course, Williamson's mere presence at the work site alone would not be enough to create a genuine issue of material fact whether Watco believed that Williamson failed to perform work that night.  However, the Court also based its holding on the testimony of Williamson and the affidavit of Hobbs that Williamson actually performed work.  Although this evidence is weak and Williamson's claims may not survive the ultimate determination by the jury at trial, it is not the role of the Court when considering a motion for summary judgment to weigh the evidence and make credibility determinations.

There remains a genuine issue of material fact whether Watco fired Williamson because of its belief that he did not perform any work from January 4-5, 2007.

THEREFORE, IT IS ORDERED that Watco's Motion for Reconsideration is DENIED.

MONROE, LOUISIANA, this 27th day of October, 2010.


ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE